## Stitt v. Murray

*Robert K. Stitt, III,* for plaintiffs.
*Frank S. Kelker,* for defendants.

ROWLEY, *J.,* October 24, 1975—This case is presently before the court on defendant, James Barbatti's, (1) preliminary objections to the complaint, and (2) objections to plaintiffs' interrogatories. We have concluded that both objections are well taken and must be sustained.

## PRELIMINARY OBJECTIONS TO COMPLAINT

Plaintiffs seek to recover damages for personal injuries and property damage which they allege they sustained in a motor vehicle accident caused by the negligence of the two defendants. Plaintiffs aver that they were traveling in a westerly direction along the Pennsylvania Turnpike in Beaver County when defendant, Edward C. Murray, who was preceding them on the turnpike, lost control of his vehicle and caused it to upset "in the path of the plaintiffs' vehicle." Plaintiffs allege that when they were confronted with the sudden emergency created by the negligence of defendant, Murray, they swerved off the roadway and into an embankment. They go on to aver that as they "were so situated," the vehicle of defendant, James Barbatti, left the highway and struck their vehicle.

The preliminary objections of defendant, Barbatti, are in the nature of a motion for a more specific pleading. The obligation of plaintiffs in drafting their complaint, when instituting an action against multiple defendants, is discussed by the author in 4 Anderson Pa. Civ. Prac., §2229.69, pp. 572 and 573, where it is said:

"The plaintiff must plead a cause of action as to each defendant regardless of the nature of the joinder. The cause of action as to each defendant must be pleaded in the same manner as though no other defendants were joined.

"While the rights of co-defendants joined under Rule 2229(b) are to be determined at the trial rather than the pleading stage, the complaint must aver facts which show some kind of liability as to each defendant. It is insufficient for the plaintiff to aver in the words of the rule the conclu-

sion that the defendants are jointly, severally, or separately liable without averring the facts on which the alleged causes of action are based. *Likewise the complaint must be sufficiently specific so that it determines whether the plaintiff is going on the theory that the defendants are separately liable or jointly liable.* However, the plaintiff is not required to state the nature of the liability of the defendants to the plaintiff as that is merely a conclusion of law.

"When defendants are joined on independent liabilities, the claims against each must be set forth in separate counts.

"When the plaintiff asserts separate liabilities against the defendants, he must aver the damages separately. The fact that it may be difficult to determine what damages were caused by each does not excuse the plaintiff from complying with this rule." (Emphasis supplied.)

An examination of plaintiffs' complaint in this case shows that they have failed to comply with the foregoing requirements. All of the averments of negligence are contained in 11 subparagraphs to paragraph 10 of the complaint. However, in every instance, plaintiffs use the singular rather than the plural. For example, they refer throughout to the "vehicle" and to the "driver." It is impossible to tell from reading the complaint which averments of negligence apply to which of defendants or whether it is intended to apply to both. It is impossible to tell what kind of negligent acts of which plaintiffs accuse each of defendants. Defendant, Barbatti, is entitled to this information and the complaint must be amended.

Likewise, it is not clear whether plaintiffs are claiming that defendants are separately or jointly liable to them. There is no indication how long

after plaintiffs' collision with the embankment that defendant, Barbatti, struck their vehicle. There is no indication what occurred or happened to each of plaintiffs following their collision with the embankment and before Mr. Barbatti collided with their car. The same observation is true as to the claim for personal injuries. Each of the allegations in the complaint is broad and general and it is impossible to determine the exact nature of the injuries and when and how they were incurred. It may be true, as pointed out in Restatement 2d Torts, §433B, that defendants will have the burden of apportioning plaintiffs' damages at the time of trial. However, whether the case falls within section 433A or section 433B of the Restatement is unclear from a reading of plaintiffs' complaint. Certainly, plaintiffs should be obliged to inform defendants, to the fullest extent of their knowledge, about what transpired at the time of their accident and the nature of their claim against defendants.

In Travaglini v. Binder, 28 Beaver 37 (1967), we reached the same result. The decision of Judge Klein in Krchmar v. Berry, 34 Beaver 100 (1973), is not contrary, since the complaint in that case was as specific and particular as it was possible for plaintiff to make it. That does not appear to be the case or the situation in this case, as it was not in Travaglini v. Binder, supra.

For these reasons, the preliminary objections of defendant to the complaint must be sustained and it will be necessary for plaintiffs to amend their complaint to conform to the requirements set forth in this opinion.

## OBJECTIONS TO INTERROGATORIES

Plaintiffs have filed a set of interrogatories contained in 27 pages with 125 numbered questions

and numerous subquestions. They would appear to be the kind of form interrogatories which could apply to any conceivable motor vehicle accident that might occur. Many of them are inapplicable or irrelevant to the case at hand. We are of the opinion that interrogatories should be tailored to the case at hand and relevant to the issues raised in that case. We do not believe that proper practice includes the filing of broad, generalized, shotgun-type interrogatories. While such a procedure may save time for plaintiffs' counsel, it certainly adds to the time required of defendant and his counsel in sifting through many irrelevant and immaterial matters. We believe that the burden imposed on defendants, by the type and nature of inter-rogatories filed by plaintiffs in this case, is unreasonable. This matter has been considered similarly by other courts. See Sejpner v. Molinda, 51 D. & C. 2d 491 (1970); Davis v. Penzoil Co., 117 Pitts. L. J. 343 (1969); Nester v. Elicker, 92 Montg. 57 (1969); and Bierbaum v. King, 32 D. & C. 2d 55 (1963).

While we decline to adopt any hard and fast rule as to the number of interrogatories that will be permitted or are appropriate, believing that that depends upon the nature of the case, the number of parties and the issues involved, we are convinced that the interrogatories filed by plaintiffs in this case are clearly an unreasonable burden on defendants.

For all of these reasons, we make the following

## ORDER

Now, October 24, 1975, the objections of defendant, James Barbatti, to the interrogatories filed by plaintiffs, are sustained, without prejudice to the rights of plaintiffs to file appropriate inter-

rogatories in accordance with the foregoing opinion. The preliminary objections of defendant, James Barbatti, in the nature of a motion for a more specific pleading, are sustained. Plaintiffs are directed to file an amended complaint in accordance with the foregoing opinion within 20 days from this date.